Shaun M. Malone (SM1543)
**BRUNO, GERBINO & SORIANO, LLP**
445 Broad Hollow Road
Suite 220
Melville, New York 11747
(631) 390-0010
(631) 393-5497 – *facsimile*
*Counsel for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
GOVERNMENT EMPLOYEES INSURANCE
COMPANY, GEICO INDEMNITY COMPANY, GEICO
GENERAL INSURANCE COMPANY and GEICO
CASUALTY COMPANY,                                             **Docket No. 2:18-cv-2990**
                                                                            **(NGG)(JO)**

                                        Plaintiffs,

              -against-

LEXINGTON MEDICAL DIAGNOSTIC SERVICES P.C.,
LN MEDICAL DIAGNOSTIC P.C., and
LESTER NADEL, M.D.,

                                        Defendants.
-------------------------------------------------------------------------X

### PLAINTIFFS' MEMORANDUM IN SUPPORT
### OF THEIR MOTION FOR A DEFAULT JUDGMENT

      The plaintiffs, Government Employees Insurance Company, Geico Indemnity Company,

Geico General Insurance Company and Geico Casualty Company (collectively, "GEICO"), seek

the entry of a default judgment pursuant to F.R.C.P. 55 against the non-appearing defendants,

Lexington Medical Diagnostic Services P.C. and LN Medical Diagnostic, P.C.

- 1 -

## Procedural History and the Defendants' Default

On August 9, 2019, a Clerk's Certificate of Default was entered noting the default of the non-appearing defendants, Lexington Medical Diagnostic Services P.C. (hereinafter, "Lexington") and LN Medical Diagnostic, P.C. (hereinafter, "LN Medical"). *See* Docket Entry 40.

Plaintiffs filed their Complaint in this action on May 21, 2018. *See* Docket Entry 1, also annexed hereto as Exhibit "E". The clerk of court issued a Summons for the defendants on May 23, 2018. *See* Docket Entry 5.

The Summons and Complaint were served upon defendant, Lexington Medical Diagnostic Services P.C., on May 25, 2018. *See* Affidavit of Service, Docket Entry 7. The Summons and Complaint were served upon defendant, LN Medical Diagnostic, P.C., on May 25, 2018. *See* Affidavit of Service, Docket Entry 8.

The defendants appeared in this action through their counsel, the law firm of Petroff Amshen, LLP, on July 6, 2019. *See* Docket Entry 9. The defendants have never filed an Answer to the plaintiffs' Complaint, and neither have they moved with respect to the Complaint. *See* Docket.

On May 10, 2019, defendants' counsel filed a motion to be relieved as counsel for all defendants, including Lexington and LN Medical. *See* Docket Entry 20. On May 24, 2019, United States Magistrate Judge James Orenstein held a motion conference with all counsel. The defendants did not appear at the conference. See Minute Entry dated May 24, 2019, Docket Entry 22. Magistrate Orenstein ordered an evidentiary hearing to be held on July 11, 2019. Id.

On July 11, 2019, Magistrate Orenstein held an evidentiary hearing. However, none of the defendants appeared and neither did two subpoenaed witnesses. Accordingly, Magistrate

- 2 -

Orenstein scheduled the hearing to continue on July 18, 2019. *See* Minute Entry dated July 11, 2019, Docket Entry 31.

On July 18, 2019, the evidentiary hearing continued before Magistrate Orenstein. Again, the defendants did not appear. After hearing testimony from subpoenaed non-party witnesses, and argument from counsel, Magistrate Orenstein granted Petroff Amshen's motion to be relieved as counsel for all defendants. *See* Minute Entry dated July 18, 2019, Docket Entry 37. Magistrate Orenstein further ordered that the defendants must appear in the action via new counsel by August 1, 2019. As to any defendant who did not so appear, Magistrate Orenstein granted the plaintiffs leave to move for default against each such defendant. Id.; *see also* Order Relieving Counsel, Docket Entry dated July 19, 2019.

On July 23, 2019, undersigned counsel's office served a copy of Magistrate Orenstein's Minute Entry Order directing the defendants to appear via new counsel on or before August 1, 2019 or be held in default. *See* Notice of Entry with Certificate of Service, Docket Entry 38.

Neither of the defendants, Lexington or LN Medical, appeared in the action via new counsel on or before August 1, 2019, as directed by Magistrate Orenstein's Order. *See* Docket. Neither has either defendant, or counsel for a defendant, contacted plaintiff's counsel's office regarding the action, as of the date that the instant motion was filed.

On August 2, 2019, plaintiffs' undersigned counsel filed a Request for a Clerk's Certificate of Default as to each defendant, Lexington and LN Medical, pursuant to Local Rule 55.1. *See* Docket Entry 39.

On August 9, 2019, the Clerk of Court issued a Certificate of Default as to defendant, Lexington Medical Diagnostic Services P.C. *See* Docket Entry 40.

On August 9, 2019, the Clerk of Court issued a Certificate of Default as to defendant, LN Medical Diagnostic, P.C. *See* Docket Entry 40.

### Plaintiffs' Entitlement to a Judgment of Declaratory Relief

Plaintiff GEICO's Complaint in this action alleges that the Defendants engaged in a scheme to defraud GEICO and other insurers through the submission of fraudulent no-fault billing as to healthcare services allegedly provided to GEICO's insureds.  GEICO alleges that the Defendant healthcare providers submitted thousands of fraudulent No-Fault insurance charges for a variety of excessive and unnecessary healthcare services, including patient examinations and diagnostic testing (collectively, the "fraudulent services").  GEICO further seeks a declaration that GEICO is not legally obligated to pay reimbursement of more than One Million Eight Hundred Fifty-One Thousand Six Hundred Twenty-One Dollars and Seventy Cents ($1,851,621.70) in pending no-fault charges.

The Defendants are transient healthcare providers who travel to various multi-disciplinary medical facilities, all of which are located within the City of New York, to purportedly render the fraudulent services upon individuals ("insureds") who were involved in automobile accidents and eligible for insurance coverage under the Plaintiffs' insurance policies.  The actions taken by the Defendants were part of a scheme perpetrated against the Plaintiffs whereby the fraudulent services provided, to the extent that they were provided at all, were based upon a preset protocol designed solely to maximize the amount of billing submitted to the Plaintiffs without regard to the injuries allegedly sustained or the individual needs of the patients.

Thus, GEICO seeks a declaration that it is not legally obligated to pay any pending no-fault insurance claims that have been submitted by or on behalf of Defendants, Lexington Medical

Diagnostic Services, P.C., LN Medical Diagnostic, P.C. and Lester Nadel, M.D., because of the following:

      a.  the fraudulent services were not medically necessary and were provided, to the extent that they were provided at all, pursuant to a pre-determined fraudulent treatment protocol designed solely to financially enrich the Defendants, rather than to diagnose or otherwise benefit the Insureds who purportedly were subjected to them; and

      b.  The No-Fault services allegedly rendered are beyond the scope of permissible recovery as set forth in the No-Fault Regulation (11 NYCRR 65-1.1, et seq.).

*See* Complaint, First Cause of Action (Docket Entry 5).

Plaintiffs allege in this case that, since 2009, defendant Lester Nadel, M.D. has systematically incorporated professional corporations for the purpose of submitting bills for fraudulent healthcare services allegedly rendered to no-fault patients. Prior to incorporating Lexington and LN Medical, Dr. Nadel served as the record owner of three multi-disciplinary "No Fault" professional corporations, namely Rego Park Jewish Medical Healthcare, Pugsley Medical Care, P.C. and Providence Medical, P.C. These clinics were responsible for submitting charges in connection with Dr. Nadel's earlier fraudulent billing schemes. The clinics did not operate simultaneously. Rather, Dr. Nadel would shift his operation from clinic to clinic. Rego Park Jewish Medical Healthcare, the first clinic created, morphed into to Pugsley Medical Care, P.C. in 2011 and was finally reformed by Providence Medical, P.C. in 2012. *See* Id.

Beginning in 2015 and continuing through the present day, Dr. Nadel concocted a complex fraudulent scheme to defraud GEICO, as well as various other New York automobile insurance carriers, by utilizing defendants Lexington and LN Medical to effectuate a fraudulent treatment protocol that subjects insureds to medically unnecessary examinations and

- 5 -

electrodiagnostic testing, physical performance tests, range of motion and muscle testing and outcome assessments for the sole purpose of maximizing profits through the submission of thousands of bills for No-Fault reimbursement. *See* Id.

The Fraudulent Services billed by the Defendants are medically unwarranted and falsely exaggerated in their nature and degree of care. The fraudulent services provided, to the extent they are provided at all, are performed pursuant to the fraudulent treatment protocol that predesignates the same comprehensive level of testing for every insured with the intention of maximizing profit rather than truly diagnosing any impairment. *See* Id.

Neither Dr. Nadel, Lexington nor LN Medical operate at any fixed location, rather they were transient healthcare providers offering fraudulent services at, at least, twenty-four different multi-disciplinary No-Fault clinics (the "Clinics"). The clinics, primarily located in Brooklyn, Queens and the Bronx, supply steady volumes of patients to the Defendants through no legitimate efforts of Dr. Nadel. *See* Id.

The Clinics include, among others, the following locations:

- 107-48 Guy R. Brewer Boulevard, Jamaica, NY
- 1500 Astor Avenue, Suite 2B, Bronx, ny
- 1552 Ralph Avenue, Brooklyn, NY
- 1650 Eastern Parkway, Brooklyn, NY
- 168-36 Jamaica Avenue, Jamaica, NY
- 176 Wilson Avenue, Brooklyn, NY
- 1762 McDonald Avenue, Brooklyn, NY
- 1835 Bay Ridge Parkway, Brooklyn, NY
- 1923 McDonald Avenue, Suite 63, Brooklyn, NY
- 2025 Davidson Avenue, Bronx, NY
- 227-A East 105th Street, New York, NY
- 2625 Atlantic Avenue, Brooklyn, NY
- 3209 Fulton Street, Brooklyn, NY
- 3407 White Plains Road, Bronx, NY

- 3910 Church Avenue, Brooklyn, NY
- 444 Willis Avenue, Bronx, NY
- 5006 Avenue N, Brooklyn, NY
- 550 Remsen Avenue, Brooklyn, NY
- 5506 Avenue N, Brooklyn, NY
- 5607 Avenue L, Brooklyn, NY
- 632 Utica Avenue, Brooklyn, NY
- 63-70 Woodhaven Boulevard, Rego Park, NY
- 767 Elmont Road, Elmont, NY
- 788 Southern Boulevard, Bronx, NY
- 87-10 Northern Boulevard, Suite 202, Jackson Heights, NY

GEICO further alleged in its Complaint that Dr. Nadel developed his relationship with these clinics through his technician, Eric Berger, whom he allegedly employs. While Eric Berger is not named as a Defendant in this action, it appears that Eric Berger offered assistance by introducing Dr. Nadel to his familial and social connections with various No-Fault facilities, billing and/or management companies and nonprofessional individuals who have either been investigated, named as defendants in litigation or have been convicted of committing fraud. Through Eric Berger's introduction, the Defendants became associated with the clinics with whom they offer their fraudulent services. The Clinics supply patients to the Defendants, as well as a "revolving door" of other medical professional corporations, chiropractic professional corporations, physical therapy professional corporations and/or a multitude of other purported healthcare providers, all geared towards exploiting New York's No-Fault insurance system.  In fact, GEICO received billing from each of the Clinics from an ever-changing number of healthcare providers, starting and stopping operations without any legitimate reason beyond circumventing insurance company investigations and continuing the fraudulent exploitation of New York's No-Fault insurance system. *See* Id.

- 7 -

Based upon the aforedescribed allegations of the plaintiffs' Complaint, plaintiffs

demanded in their Complaint declaratory relief, as follows, on the First Cause of Action against

the Defendants: a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and

2202, that the Defendants have no right to receive payment for any pending no-fault bills

submitted to the GEICO plaintiffs. *See* Id.

Here, defendants Lexington and LN Medical have been declared to be in default due to

their their failure to answer plaintiffs' Complaint and their failure to appear in the action.  A

defendant's default is deemed to constitute a concession of all well-pleaded allegations of a

plaintiff's complaint. *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d

Cir.1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir.1974)).

Accordingly, plaintiffs are entitled to a judgment of declaratory relief as follows:

A declaration that the defendants, Lexington Medical Diagnostic Services, P.C. and LN
Medical Diagnostic, P.C. have no right to seek or receive payment for any pending no-
fault bills submitted to the GEICO plaintiffs.

Plaintiffs' are filing, contemporaneously with this memorandum in support of their

motion for default the Declaration of Robert Weir, GEICO's Claim Representative responsible

for investigating fraudulent insurance claims submitted to GEICO.  Mr. Weir affirms under

penalty of perjury that the defendants, Lexington and LN Medical, respectively, currently have

many claims for no-fault benefits pending, primarily in arbitration.

Mr. Weir has identified the pending claims specifically, by affirming the accuracy of a

list of said claims as an exhibit to his Declaration. *See* Declaration of Robert Weir.  Mr. Weir has

attached to his Declaration, as Exhibit "C", a database report setting forth the no-fault insurance

claims currently pending against GEICO that have been filed on behalf of Defendant, Lexington

- 8 -

Medical Diagnostic Services, P.C.  Mr. Weir has also attached to his Declaration, as Exhibit "D",
a database report setting forth the no-fault insurance claims currently pending against GEICO
that have been filed on behalf of Defendant, LN Medical Diagnostic, P.C.

Plaintiffs respectfully submit that they are entitled to a judgment of default granting them
the declaratory relief requested, and that the judgment of declaratory relief include the list of
pending no-fault claims which the defendants are not entitled to collect from plaintiffs. *See*
Proposed Judgment, Exhibit "A" hereto.

### Plaintiffs' Entitlement to a Judgment for Money Damages

Plaintiffs also asserted in their Complaint a claim for money damages representing the
sums of money that each defendant collected from GEICO pursuant to the defendants' fraudulent
scheme.  Plaintiffs premised upon their claim for money damages upon the same allegations of
their Complaint that supported their demand for declaratory relief—that the defendants have
claimed and collected no-fault benefits for fraudulent healthcare services that were not medically
necessary but were provided pursuant to a pre-determined fraudulent treatment protocol, and that
the services rendered were beyond the scope of permissible recovery as set forth in the No-Fault
Regulation (11 NYCRR 65-1.1, et seq.).[1] *See* Complaint (Docket Entry 5), Third and Fourth
Causes of Action.

---

[1] 11 NYCRR 65-1.1 provides that compensable medical expenses "shall consist of *necessary* expenses
for:

    i)      medical, hospital (including services rendered in compliance with Article 41 of the Public
Health Law, whether or not such services are rendered directly by a hospital), surgical,
nursing, dental, ambulance, X-ray, prescription drug and prosthetic services;

    ii)     psychiatric, physical and occupational therapy and rehabilitation;

In support of the amount od damages which plaintiffs' claim against each defendant, Lexington and LN Medical, plaintiffs submit the Declaration of Robert Weir, their Special Investigations Unit (SIU) Claim Analyst.  Mr. Weir affirms in his sworn declaration that he had conducted an accounting search, utilizing each defendant's Federal Taxpayer Identification Number (TIN), to generate reports listing each payment made by the plaintiffs to each defendant as proceeds of no-fault claims that each submitted (hereinafter, "TIN Runs").  *See* Declaration of Robert Weir, and Exhibits "A" and "B" thereto.

The United States District Court for the Eastern District of New York has held that "TIN Runs" are an acceptable way to prove damages in an action to recover money fraudulently obtained from insurers by medical providers.  *See Travelers Indemnity Company v. Liberty Medical Imaging Associates, P.C., et al.*, 2009 U.S. Dist. LEXIS 35740 (E.D.N.Y. 2009) *adopted by Travelers Indemnity Company v. Liberty Medical Imaging Associates, P.C., et al.*, 2009 U.S. Dist. LEXIS 29596 (E.D.N.Y. 2009).

In *Travelers*, the plaintiff brought suit to recover No-Fault benefits paid out to fraudulently formed professional corporations.  The Court held that plaintiff had a "burden of proving its damages to a 'reasonable certainty.'" *Travelers v. Liberty Medical*, 2009 U.S. Dist. LEXIS 35740 citing Credit Lyonnais v. Alcantara, 183 F.3d 151.  Plaintiff presented the testimony of a manager in the Medical Investigations Unit of the Insurance Company.  The manager testified that they were responsible for conducting the investigation into the fraudulent providers which resulted in the filing of the Complaint.  In support of the claims for damages, the manager prepared "TIN

---

iii)    any other professional health services." [In material part; emphasis added].

- 10 -

Runs". The "TIN Runs" reflected payments made to the fraudulent providers for the time period of April 4, 2002, to the date of the hearing. Based on this evidence, the Magistrate Judge concluded that Travelers established to a reasonable certainty the amounts it paid to the fraudulent providers for which it is entitled to reimbursement. The Magistrate Judge was satisfied with the methodology even though the accuracy was not checked. The findings of the Magistrate Judge were adopted, in part, by the District Court Judge in *Travelers v. Liberty Medical*, 2009 U.S. Dist. LEXIS 29596.

As was the case in *Travelers*, plaintiffs here seek to rely on the use of "TIN Runs" to establish damages. Plaintiffs rely on the Declaration of Robert Weir and his affirmation of the accuracy of the TIN Runs which are presented as exhibits. As set forth in the Mr. Weir's Declaration, the "TIN Runs" draw payment information from GEICO's earnings reporting system, from which IRS Form 1099-MISC forms are generated for payees and then used to report the payments to the Internal Revenue Service.

Attached to the Declaration of Robert Weir as Exhibit "A" is the "TIN Run" prepared for defendant Lexington Medical Diagnostic Services, P.C., which indicates that $431,829.42 in no-fault benefits was paid out by GEICO to that entity.

Attached to the Declaration of Robert Weir as Exhibit "B" is the "TIN Run" prepared for defendant LN Medical Diagnostic, P.C., which indicates that $723,221.84 in no-fault benefits was paid out by GEICO to that entity.

Based upon the Declaration of Robert Weir as well as the "TIN Runs" attached thereto, GEICO has established to a reasonable certainty the amounts that it paid to each of the defaulting Defendants, for which amounts Plaintiffs are entitled to a money judgment against each defendant in the respective amounts indicated.

- 11 -

In accordance with the foregoing, Plaintiffs respectfully request an Order granting them a default judgment against each of the defendants, Lexington Medical Diagnostic Services P.C. and LN Medical Diagnostic, P.C., and the entry of judgment against them as set forth in the proposed Judgment (Exhibit "A" hereto).

Dated: Melville, New York
      August 15, 2019

**BRUNO, GERBINO & SORIANO, LLP**

By:_____
      SHAUN M. MALONE (SM 1543)
      *Attorneys for the Plaintiffs*
      445 Broad Hollow Road
      Suite 220
      Melville, New York 11747-4712
      (631) 390-0010
      BG&S No.: 125-3019

TO:    Lexington Medical Diagnostic Services, P.C.
       2754 Coney Island Avenue
       Brooklyn, New York 11235

       LN Medical Diagnostic, P.C.
       2167 East 21st Street
       Brooklyn, New York 11229

- 12 -